UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CHARLES REYNOLDS,

    Plaintiff,

vs.

LIFE INSURANCE COMPANY OF
NORTH AMERICA

    Defendant.
_____)

    The plaintiff, CHARLES REYNOLDS ("REYNOLDS"), by and through the undersigned counsel, hereby sues the LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") and alleges:

## PRELIMINARY ALLEGATIONS

    1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

    2.    REYNOLDS was at all times relevant a plan participant under the BorgWarner Inc.

Long-Term Disability Plan (the "LTD Plan").[1]

3. Defendant, LINA, is a corporation with its principal place of business in the State of New York, authorized to transact and transacting business in the Southern District of Florida. LINA is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claim determination.

4. The LTD Plan is an employee welfare benefit plan regulated by ERISA, established by BorgWarner Inc. ("BORG"), and pursuant to which REYNOLDS is entitled to Long-Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, REYNOLDS is entitled to LTD benefits for the duration of his disability, for so long as REYNOLDS remains disabled as required under the terms and conditions of the LTD Plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINA, is authorized to and is doing business within the Southern District of Florida and can be found in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. REYNOLDS incorporates, by reference, all preceding paragraphs as though fully set forth herein.

7. At all times relevant, REYNOLDS was an employee or former employee of BORG and a plan participant under the terms and conditions of the LTD Plan.

8. During REYNOLDS' employment, he became disabled and entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while REYNOLDS was covered under the

---

[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

LTD Plan he suffered disabilities resulting in Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. As it relates to REYNOLDS' current claim for benefits, "Disability" / "Disabled" is defined to mean:

- The employee is considered Disabled if, solely because of Injury or Sickness, he or she is either:
  - 1. Unable to perform all the material duties of his or her Regular Occupation or a Qualified Alternative; or
  - 2. Unable to earn 80% or more of his or her Indexed Covered Earnings.
- After Disability Benefits have been payable for 30 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is either:
  - 1. Unable to perform all the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; or
  - 2. Unable to earn 80% or more of his or her Indexed Covered Earnings.

10. Due to restrictions and limitations arising from "sickness," REYNOLDS made a claim to LINA for benefits under the LTD Plan beginning December 3, 2018.

11. LINA approved REYNOLDS' disability claim and paid benefits beginning on June 3, 2019, the end of his Elimination Period.

12. In a letter dated December 16, 2021, LINA informed REYNOLDS that it had completed a review of his claim for benefits and was unable to approve benefits beyond December 3, 2021. LINA informed REYNOLDS that he had the right to appeal this decision under ERISA

regulations.

13. In a subsequent letter dated March 29, 2023, LINA informed REYNOLDS that it had completed a comprehensive appeal review and determined that its original decision to terminate benefits would be upheld. LINA informed REYNOLDS that he had the right under Section 502(a) of ERISA to bring a civil action disputing the adverse determination and that its claim decision was final as administrative remedies under the LTD Plan had been exhausted.

14. REYNOLDS has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

15. LINA breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to REYNOLDS at a time when LINA and the LTD Plan knew, or should have known, that he was entitled to those benefits under the terms of the LTD Plan.

   b. After REYNOLDS' claim was denied, LINA failed to adequately describe to REYNOLDS any additional material or information necessary for REYNOLDS to perfect his claim along with an explanation of why such material was necessary.

   c. LINA failed to properly and adequately investigate the merits of REYNOLDS' disability claim and failed to provide a full and fair review of REYNOLDS' claim.

   d. LINA failed to provide REYNOLDS with the new evidence on which it based its March 29, 2023 adverse benefit decision as soon as possible and sufficiently in advance of its decision in violation of 29 C.F.R § 2560.503-1(h)(4)(1).

16. As a proximate result of LINA's arbitrary and erroneous decision, REYNOLDS has damages for loss of disability benefits in a total sum to be determined at the time that judgment is entered.

17. As a further direct and proximate result of this improper determination regarding REYNOLDS' claim for benefits, REYNOLDS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), REYNOLDS is entitled to have such fees and costs paid by LINA.

18. LINA's conduct has created uncertainty where none should exist; therefore, REYNOLDS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, CHARLES REYNOLDS prays for relief against the LIFE INSURANCE COMPANY OF NORTH AMERICA / NEW YORK LIFE GROUP BENEFITS SOLUTION as follows:

Payment of all past due disability benefits owed;

1. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

2. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorney's fees incurred in pursuing this action;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER,

CHARTERED
Attorneys for Plaintiff
2625 Weston Road
Weston, FL  33331
(954) 620-8300

_____
CESAR GAVIDIA, ESQUIRE
Florida Bar No.: 015263
Email: Cesar@diattorney.com